Daniel E. Clifton, Esq.
LEWIS, CLIFTON & NIKOLAIDIS, P.C.
275 Seventh Avenue, Suite 2300
New York, New York 10001-6708
Attorneys for Plaintiffs Joseph Giordano
and Brian Gordon

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

JOSEPH GIORDANO and BRIAN GORDON,
as Trustees of the Drywall Pension Fund,
Drywall Tapers Insurance Fund and Drywall
Tapers Annuity Fund,

08-CV-4528 (LAP)

Plaintiffs,

**COMPLAINT**

-against-

SOUTH SHORE TAPING, INC.

Defendant.

----------------------------------------------------------X

Plaintiffs, by their attorneys, Lewis, Clifton & Nikolaidis, P.C., complaining of the defendant, allege as follows:

NATURE OF ACTION

1. This is an action brought by the trustees of three employee benefit plans, pursuant to Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), to compel defendant South Shore Taping, Inc. ("South Shore") to make available to the plaintiff trustees all of the records needed to conduct an audit to determine that required contributions were made to the benefit funds under the terms of the employee benefit plans and the collective bargaining agreement to which defendant is a party.

JURISDICTION AND VENUE

2. The court has jurisdiction over this action pursuant to ERISA, Sections 502(a), (e)(1) and (f), 29 U.S.C. §§ 1132(a), (e)(1) and (f). Venue in the Southern District of New York is proper pursuant to ERISA, Section 502(e)(2), 29 U.S.C. § 1132(e)(2), since the plaintiff employee benefit plans are located within the County of New York.

PARTIES

3. Joseph Giordano and Brian Gordon are trustees of the Drywall Pension Fund, Drywall Tapers Insurance Fund and Drywall Tapers Annuity Fund (collectively, the "Funds"), all of which are "employee benefit plans" within the meaning of ERISA, Section 3(3), 29 U.S.C. § 1002(3). Each of the Funds maintains its principal place of business at 265 W. 14th Street, New York, New York.

4. Each of the Funds is a "multi-employer plan" within the meaning of ERISA, Section 3(37), 29 U.S.C. § 1002(37).

5. Plaintiffs Giordano and Gordon are "fiduciaries" of the plans within the meaning of ERISA, Section 3(21), 29 U.S.C. § 1002(21).

6. On information and belief, defendant South Shore is a corporation which was incorporated in the State of New York, and its principal place of business is located at 2 Ocean Avenue, East Rockaway New York. Defendant is an "employer" within the meaning of ERISA, Section 3(5), 29 U.S.C. § 1002(5).

FACTUAL ALLEGATIONS

7. At all times relevant hereto, defendant South Shore has been a party to, and bound by, a collective bargaining agreement ("Trade Agreement") which it

negotiated with Drywall Tapers and Pointers of Greater New York, Local Union 1974, IUPAT, AFL-CIO.

8. The Trade Agreement provides, *inter alia*, that defendant agrees to be bound by the trust agreements establishing the Funds (collectively, the "Trust Agreements").

9. Pursuant to the terms of both the Trade Agreement and the Trust Agreements, defendant is obligated (a) to make monthly contributions to the Funds on behalf of its employees, and (b) to make available to the Funds any and all records needed to determine that the appropriate contributions are being made to the Funds.

10. In or around April 2007, the Funds' independent accountant attempted, on a number of occasions, to schedule an audit of the defendant for the period of May 1, 2006 to March 31, 2007, but defendant failed to respond to the said requests.

11. By letter dated November 6, 2007, the Funds' attorney requested that the defendant make available its books and records to the Funds' accountant for the purpose of conducting an audit, but defendant failed to respond to the said request.

12. In or around December 2007, the Funds' independent accountant again attempted to schedule an audit of the defendant, but defendant failed to respond to the said request.

13. By reason of defendant's failure to make available to the Funds all of the relevant books and records, the exact amount of contributions owed by defendant to the Funds for the period of May 1, 2006 to March 31, 2007 is undetermined, and can only be ascertained after a comprehensive audit.

WHEREFORE, plaintiffs demand judgment against defendant:

      a) Ordering defendant to make available its books and records to the Funds for the period of May 1, 2006 to March 31, 2007 for the purpose of conducting an audit to determine whether there has been a deficiency in the required contributions;

b) Ordering defendant to pay any determined deficiency within thirty (30) days of receipt of a notice of deficiency from the Funds;

b) Granting an award of interest on any unpaid contributions, pursuant to 29 U.S.C. § 1132(g)(2)(B) and the terms of the plans;

c) Granting liquidated damages equal to 20% of the amount of contributions determined to be owed to the Funds, pursuant to 29 U.S.C.§ 1132(g)(2)(c)(ii) and the terms of the plans;

d) Granting attorney's fees and costs, pursuant to 29 U.S.C. § 1132(g)(2)(D) and the terms of the plans; and

e) Granting such other and further relief as the court may deem just and proper.

Dated: May 15, 2008
New York, New York

LEWIS, CLIFTON & NIKOLAIDIS, P.C.

By: /s/ Daniel E. Clifton
________________________________
Daniel E. Clifton (DC 0632)
275 Seventh Avenue, Suite 2300
New York, New York 10001-6708
(212) 419-1500

Attorneys for plaintiffs Joseph Giordano and Brian Gordon, as Trustees of the Drywall Pension Fund, Drywall Tapers Insurance Fund and Drywall Tapers Annuity Fund

Case 1:08-cv-04528-LAP-GWG   Document 1   Filed 05/15/2008   Page 5 of 5